**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
UNITED STATES OF AMERICA,    :
                                    :
                                    :
        -against-      :
                                    :       05 CR. 53
                                    :   **OPINION AND ORDER**
DANIEL BAPTISTA,           :
                                    :
        DEFENDANT.     :
                                    :
------------------------------X

APPEARANCES:


      For the Government:

      MICHAEL J. GARCIA,
      United States Attorney
      Southern District New York
      One Saint Andrew's Plaza
      New York, New York 10007
      Of Counsel: AUSA Michael Farbiarz


      For the Defendant:

      B. ALAN SEIDLER
      580 Broadway
      Room 717
      New York, New York 10012

**John F. Keenan, United States District Judge**

**John F. Keenan, United States District Judge:**

On November 22, 2005, the defendant Daniel Baptista ("Baptista") pleaded guilty to a one-count Indictment charging Baptista with conspiring to possess with intent to distribute approximately 99 grams of "crack" cocaine.  Baptista now moves to withdraw his guilty plea.  The Government objects.

<u>Background</u>

In a recorded conversation on April 29, 2004 on a street in upper Manhattan, a confidential informant ("CI") sought to purchase 100 grams of "crack" cocaine from Pedro Mercado ("Mercado").  Mercado told the CI that it might take some time because the "crack" had to be cooked.  Mercado then summoned Baptista, who arrived shortly.  Mercado, Baptista, and the CI discussed payment for the drugs.

After some time passed and the drugs had not arrived, Baptista told the CI "they're going to bring it, you see, to test it after it's cooked, . . ."  Baptista then entered a building at 3609 Broadway with Robert Berroa ("Berroa").  Soon thereafter, Berroa and Baptitsa exited the building together.  Berroa, with Baptista at his side, handed the drugs to the CI and told him that $25 would be refunded to the CI because the drugs were "a gram short, there's 99."  After the purchase was completed, the CI turned the drugs over to law enforcement officials, and the drugs tested positive for cocaine base.

2

Mercado, Berroa, and Baptista were subsequently charged in Indictment 05 Cr. 53, with violating 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).  All three co-defendants pleaded guilty. Before Baptista entered his guilty plea, his attorney informed the Court that Baptista "was willing to admit that he sold to the conspirators 99 grams of cocaine powder," rather than "crack" cocaine as charged in the Indictment. (Tr. 2.)  During the plea proceedings, Baptista allocuted: "I am responsible for having sold 99 grams of cocaine.  Only cocaine." (Tr. 17.)  Baptista's attorney and the Government indicated that the plea allocution was adequate, and the Court accepted the plea. (Tr. 19.)

<u>Discussion</u>

I.  <u>Legal Standards</u>

   A.  <u>Conviction and Sentencing Under Title 21 U.S.C. § 841</u>

Baptista was charged with violating § 841(a)(1), which makes it illegal "for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

Section 841(b) contains the penalty provisions for § 841(a). Because the Indictment charges 99 grams or more of "crack", the defendant faces a ten-year statutory mandatory minimum, pursuant to § 841(b)(1)(A).  Plain cocaine in this amount, which is not "crack," does not trigger the mandatory minimum under § 841(b)(1)(A).

1.   Pre-*Apprendi*

Before the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000), courts construed § 841(a) as encompassing the entire corpus delicti of the drug offense. United States v. Velasquez, 28 F.3d 2, 4 (2d Cir. 1994). Drug quantity under § 841(b), was taken into account only at the sentencing stage by the judge. Id. At that time, "[c]onviction rest[ed] solely on the knowing possession of some quantity, however large or small, of illicit drugs." Id.

2.   Post-*Apprendi*

In Apprendi, the Supreme Court held that factors related to sentencing need to be submitted to the jury and proved beyond a reasonable doubt when the factor "increase[s] the penalty for a crime beyond the prescribed statutory maximum." Apprendi, 530 U.S. at 490. The Second Circuit later clarified Apprendi's impact on drug cases under § 841. The Court held that submitting § 841(a) to the jury and reserving § 841(b) determinations for the judge poses no Apprendi problems "as long as the sentence does not exceed the otherwise applicable statutory maximum that the defendant faced for an indeterminate type and amount of narcotics." United States v. King, 345 F.3d 149, 152 (2d Cir. 2003).

However, in cases where the sentence could or does exceed the statutory maximum, § 841(a) "no longer presents the entire

offense." <u>Gonzalez</u>, 420 F.3d 111, 124 (2d Cir. 2005).  "[B]ecause
the quantity of drugs involved <u>may</u> <u>raise</u> a defendant's sentence
above the statutory maximum established in 21 U.S.C. §
841(b)(1)(C), quantity is an element of the offense charged under
21 U.S.C. § 841." <u>United States v. Thomas</u>, 274 F.3d 655, 663 (2d
Cir. 2001); <u>see</u> <u>Gonzalez</u>, 420 F.3d at 115 ("We here clarify that
the statutory drug quantity is an element in all prosecutions of
aggravated § 841 offenses.").  For aggravated § 841(a) offenses,
the quantity provisions of § 841(b) "have to be pleaded and
proved to a jury or admitted by the defendant to support
conviction."  <u>Gonzalez</u>, 420 F.3d at 115.

   B.   <u>Withdrawal of a Guilty Plea</u>

   A guilty plea "is valid only if done voluntarily, knowingly,
and intelligently with sufficient awareness of the relevant
circumstances and likely consequences." <u>United States v. Adams</u>,
448 F.3d 492 (2d Cir. 2006) (quoting <u>Bradshaw v. Stumpf</u>, 545 U.S.
175, 125 S. Ct. 2398 (2005) (internal quotations omitted).  The
defendant must be "informed of all the crime's elements,
otherwise the plea is necessarily invalid." <u>Id.</u> (citing <u>Bradshaw</u>,
125 S. Ct. at 2405).

   Rule 11(d)(2)(B) permits withdrawal of a guilty plea if "the
defendant can show a fair and just reason for requesting the
withdrawal."

1.  *Gonzalez*

In Gonzalez, 420 F.3d 111 (2d Cir. 2005), the Second Circuit held that the District Court should have allowed the defendant to withdraw his guilty plea.

In a recorded telephone conversation, between the defendant Manuel Gonzalez ("Gonzalez") and a DEA confidential informant, Gonzalez agreed to sell the informant one kilogram of "crack". At a preliminary meeting, Gonzalez provided the informant with 0.4 grams of "crack" as a sample.  In a subsequent recorded conversation, Gonzalez made plans with the informant to consummate the one kilogram "crack" sale.  When Gonzalez arrived at the designated meeting site, DEA agents closed in, and Gonzalez and his co-defendant fled with the drugs.

Gonzalez pleaded guilty to a single-count indictment charging him with conspiracy to distribute fifty grams or more of cocaine base.  During the plea proceedings, Gonzalez only allocuted to 0.4 grams of cocaine base.  Gonzalez subsequently moved to withdraw his guilty plea.  The District Court denied the motion.  Gonzalez was sentenced to twenty years imprisonment, guided by the statutory minium for defendants with prior drug felony convictions, pursuant to § 841(b)(1)(A).

On appeal, Gonzalez challenged the District Court's denial of Gonzalez' pre-sentence motion to withdraw his guilty plea. Gonzalez argued that his guilty plea and sentence violated

Apprendi because he had not admitted to the statutory drug quantity necessary for an aggravated offense under § 841(b)(1)(A), and he was misinformed as to his right to have a jury determine the drug quantity. Id. at 115.

Under § 841(b)(1)(C), Gonzalez, as a prior drug felon, faced a statutory maximum of 30 years.  Under § 841(b)(1)(A), Gonzalez' statutory sentencing range increased to 20 years to life imprisonment.  The Government argued that Gonzalez' challenge to his guilty plea was meritless because quantity is not an element of an aggravated drug offense when a defendant receives a mandatory minimum sentence less than the statutory maximum under § 841(b)(1)(C).

The Second Circuit rejected the Government's argument, citing Apprendi and its progeny. Id. at 115. "Even if the right to trial, as recognized in Apprendi, is violated only by certain sentences, the law cannot reasonably defer identification of the elements of a crime until after the prosecution is concluded." Id.  The Circuit Court found that the District Court had erred in preventing Gonzalez from withdrawing his guilty plea.  The case was remanded to the District Court "with directions to vacate the judgment of conviction, allow the defendant to withdraw his guilty plea, and to permit the government to proceed to trial on the aggravated charge." Id. at 134.

2. _Adams_

In United States v. Adams, 448 F.3d 492 (2d Cir. 2006), the
Second Circuit ruled that valid grounds for the withdrawal of a
guilty plea existed.

The defendant Kenneth Hart Adams ("Adams") approached Howard
Willis ("Willis") and, according to Willis, asked him to
transport "dope" by truck to New York. Adams, 448 F.3d at 495.
When DEA agents discovered the truck in New York, it was filled
with limes concealing 659 kilograms of cocaine. Id.  According to
Adams, it was not until he was arrested that he learned his
source had actually supplied Willis with cocaine. Id.

Although the indictment charged Adams with a cocaine
conspiracy, he allocuted to a marijuana conspiracy.  Adams later
moved to withdraw his guilty plea, and the District Court denied
his request.  The Second Circuit held that Adams should have been
allowed to withdraw his guilty plea because "[n]either the
allocution nor the record developed at the time of the plea
proceeding provides a sufficient factual basis to support a
conviction and sentencing" under 21 U.S.C. § 841(b)(1)(A). Id.

Citing Thomas, 274 F.3d 655 (2d Cir. 2001) and Gonzalez, 420
F.3d 111 (2d Cir. 2005), the Court reiterated "that a Section 846
conspiracy involving any of the enhancement-penalty provisions of
Section 841(b)(1)(A), includes the additional element of
quantity," id. at 500, and therefore "requires that a jury find,

or the defendant himself admit to, the drug-quantity element,"
id. 499.

In Adams, the Court, unlike in Gonzalez, found an additional
reason for allowing withdrawal of the guilty plea.  Because the
defendant in Adams was not a direct participant in the actual
drug transaction, "Additionally, we require proof that this drug
type and quantity were at least reasonably foreseeable to the co-
conspirator defendant." Id.

II.  Analysis

A.  *Gonzalez* and *Adams* Control

Baptista faces a statutory sentencing range of 10 years to
life imprisonment, pursuant to 841(b)(1)(A)(iii), because he
pleaded guilty to conspiracy to distribute and posses with intent
to distribute 99 grams of "crack".  The range of 10 years to life
exposes Baptista to a sentencing range greater than the statutory
maximum of 20 years for an indeterminate type and amount of
drugs, prescribed by § 841(b)(1)(C).

Baptista admitted to 99 grams of cocaine during the plea
allocution.  A drug conspiracy involving 99 grams of cocaine,
instead of "crack", does not trigger aggravated sentencing under
either § 841(b)(1)(A) or § 841(b)(1)(B).  Because Baptista has
not admitted to a type and quantity of drugs sufficient to
trigger aggravated sentencing, his guilty plea poses an Apprendi
problem.

9

The Second Circuit held in <u>Gonzalez</u> and <u>Adams</u> that such <u>Apprendi</u> problems require district courts to allow defendants to withdraw guilty pleas where, as here, the plea allocution failed to admit the kind and amount of drugs needed to trigger the aggravated sentencing provisions.

Baptista is correct that <u>Gonzalez</u> and <u>Adams</u> compel this Court to allow withdrawal of Baptista's guilty plea.[1]

B. <u>Government Confuses "Reasonable Foreseeability" with</u> <u>*Apprendi* Issue</u>

In its opposition papers, the Government focuses solely on the "reasonably foreseeability" standard in <u>Adams</u> and completely overlooks the separate and controlling <u>Apprendi</u> issue.  Although the "reasonable foreseeability" standard is irrelevant to the current motion, the Court will briefly discuss the standard and its application in <u>Adams</u> for the sake of clarification.

In conspiracy cases where the defendant did not personally participate in the drug sale, the Second Circuit applies the "reasonable foreseeability" test:  A defendant may not be

---

[1] What is vexing to the Court is that <u>Gonzalez</u> was decided three months before Baptista pleaded guilty.  Both Baptista's attorney and the Government acknowledged their awareness of <u>Gonzalez</u> at the time the plea was entered.  Nonetheless, both parties assured the Court that <u>Gonzalez</u> did not affect the plea, and when asked if the plea was adequate, both sides responded affirmatively.  Now, it turns out <u>Gonzalez</u> warrants withdrawal of Baptista's plea.  The Court acknowledges its error in relying on counsel and not adequately researching the law prior to accepting the plea.

convicted for drug transactions made by co-conspirators unless he knew or reasonably should have known the details of the drug transaction; for example, the quantity or type of drugs sold. <u>See United States v. Jackson</u>, 335 F.3d 170 (2d Cir. 2003); <u>United States v. Martinez</u>, 987 F.2d 920 (2d Cir. 1993).

Baptista's case falls within a different group of conspiracy cases, in which proof of "reasonable foreseeability" is unnecessary. The "reasonable foreseeability" test does not apply when the defendant "personally participates, in a direct way, in a jointly undertaken drug transaction." <u>United States v. Chalarca</u>, 95 F.3d 239, 243 (2d Cir. 1996); <u>United States v. Velasquez</u>, 28 F.3d 2, 5 (2d Cir. 1994).[2]

According to the transcript of the taped conversation supplied by the Government in its response papers, Baptista personally participated in the sale of "crack" cocaine to the CI on April 29, 2005. Baptista was present and took part in the payment discussions with the CI. When the drugs did not arrive promptly, Baptista explained the delay to the CI. Baptista then entered the building at 3609 Broadway with Berroa, presumably to pick up the drugs, and exited shortly thereafter with Berroa and the "crack" cocaine. The "crack" cocaine was handed over to the

---

[2] In <u>United States v. Castrillon</u>, 376 F.3d 46, 47 (2d Cir. 2004) (per curiam), cited by the Government, the Court observed that "the jury did find [defendants] in joint possession of more than one kilogram of heroin." Thus, the type and amount of drugs element was satisfied by the jury verdict.

CI in Baptista's presence.

Because of Baptista's direct participation in the sale of the "crack" cocaine, unlike in <u>Adams</u>, it is not necessary for the government to satisfy the "reasonable foreseeability" standard.

"Reasonable foreseeability" in a conspiracy case and compliance with <u>Apprendi</u> are two separate issues. <u>Apprendi</u> does not require proof of "reasonable foreseeability." <u>Apprendi</u>, as construed by the Second Circuit, simply mandates that factors used to aggravate a sentence under § 841(b) be either admitted to by the defendant or found by a jury. In <u>Adams</u>, because of the defendant's more indirect participation in the drug transaction, the District Court was required to satisfy both the "reasonable foreseeability" standard and <u>Apprendi</u>.

Factually, the case at bar is less complicated. Baptista's case, like Gonzalez', does not require proof of "reasonable foreseeability" because the defendants were directly and personally involved in the drug transactions underlying the conspiracy. However, Baptista's case, like Gonzalez' must nonetheless satisfy <u>Apprendi</u>.

## Conclusion

For the reasons set forth above, Baptista's motion to withdraw his guilty plea is granted. A conference is set for October 13, 2006 at 10 a.m. to fix a firm trial date. The time

until October 13, 2006 is excluded from the provisions of the

Speedy Trial Act under 18 U.S.C. § 3161(h)(1)(E).

SO ORDERED.

Dates:   New York, New York
         October 10, 2006

John F. Keenan

JOHN F. KEENAN
United States District Judge

13